[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS:
On October 30, 1970, the South Windsor Planning Zoning Commission approved an application from William H. Strong for a special exception to operate an autobody and repair shop out of a barn facility on his property. The special exception included six conditions of approval, including limitation on the type of work to be performed and the number of cars to be parked on the property.
At some time after this special exception was approved, the town's zoning regulations were amended so as to render William Strong's autobody and repair shop a nonconforming use.
In 1995, the plaintiff sought to renovate and replace deteriorated portions of the barn facility used to do business. Motivated, at least to some extent, by advise from town officials, the plaintiff sought a modification to the existing special exception as well as approval of the site plan of development.
Both the applicant and town officials appear to have suffered from some confusion produced by this somewhat unusual mix of special exception, site plan, non-conforming use, alleged expansion of non-conforming use, and regulation interpretation.
AGGRIEVEMENT:
CT Page 3319
In January of 1990, the business and the property was transferred from the original applicant, William Strong, to his son, Richard Strong, the applicant in this case. A certified copy of Richard Strong's deed was received into evidence and Richard Strong testified that the property was owned continuously from the date of the present application until the hearing on March 1 by Richard Strong or by Richard Strong and his spouse. The town does not contest aggrievement. Facts sufficient to support statutory aggrievement are found. The court finds that the plaintiff is aggrieved.
DISCUSSION:
It appears that the starting point for reviewing this matter is Section 16.2.1 of the South Windsor regulation. That section provides:
 "The building inspector shall require that the application for the building permit and the accompanying plot plan or land use shall contain all the information necessary to enable the Zoning Enforcement Officer to ascertain whether the proposed building and land use complies with the provisions of these regulations. No building permits or land use permit shall be issued until the zoning enforcement office has certified that the proposed building or alteration or land use complies with all provisions of these regulations." [Regulations Section 16.2.2]
Next the court must examine Section 3.10.1 of the regulations, the local implementation of Connecticut General Statute 8-2. The local regulation provides:
 "Any non-conforming use of a building lawfully existing at the time of the adoption of these regulations, or of any amendment thereto, may be continued, and any building so existing which was designed, arranged, intended for, or devoted to, a non-conforming use may be reconstructed and structurally altered, and the non-conforming use therein changed subject to the following regulations." [Regulations 3.10.1]
The commission denied the application at its January 9, 1996 meeting. The commission voted to deny the application on the CT Page 3320 following grounds:
 "1. The site is not currently operating in conformance with the existing special exception approval; and,
 2. The application involves expansion of a non-conforming use for which zoning regulations no longer exist."
The plaintiff characterizes the commissions action as without jurisdiction. The court finds that plaintiff applied for a modification to a special permit and site plan approval. Clearly each of these functions is within the jurisdiction of the commission. It appears to the court that the problem is not an absence of jurisdiction in the commission, but reasons given by the commission which are not proper considerations in determining either site plan review or the amendment of a special permit.
The parties agree that at one time, a non-conforming use existed at the location in question. If the special exception is amended it would authorize only what is included in the amended special exception. There is some evidence that the applicant may be operating in excess of the existing special exception. If this is true, it presents a matter for enforcement action initially by the zoning enforcement officer and subsequently, perhaps, by the Zoning Board of Appeals or a court. The question of whether the applicant is currently in compliance with his existing special exception is irrelevant to the question of whether modification should be permitted to a permit which on its face is in compliance. Clearly, such a modification would bestow no rights on the applicant to operate in excess of the permit granted. This would be true even if the applicant were presently exceeding his permit.
The court agrees with the town that the present situation requires an examination of whether or not the proposed activity is an expansion of a non-conforming use. However, that determination should be made by the Zoning Enforcement Officer, the Zoning Board of Appeals if requested, and perhaps the court. It does not appear to be a proper consideration for the commission in considering a site plan or a special permit.
Plaintiff urges the court to adopt the procedures set forth in Moore v. Plainfield Zoning Board of Appeals, 1995 WL 16835
(Conn.Supr. 1995). In that case, the plaintiff owned a building which housed a non-conforming use. Pursuant to the regulations, CT Page 3321 he submitted an application for a building permit to the Zoning Enforcement officer. The Zoning Enforcement officer reviewed the application and decided to deny it on the grounds that the proposed improvements would expand the building which in turn would expand the non-conforming use. The plaintiff subsequently appealed the Zoning Enforcement officer's decision to the Zoning Board of Appeals and ultimately to the Superior Court.
This court agrees with the plaintiff that questions of non-conforming use or expansion of non-conforming use should be resolved in the manner set forth in Moore. However, it does not appear in reading Moore that the applicant there needed either a modification to a special permit or site plan review. Once theMoore procedures have been followed, the South Windsor Commission may review both the site plan and the proposed modification and enforce any regulation which it has which is not pre-empted by non-conforming use status. If the proposal is determined to be an expansion of the non-conforming use in the Moore review, then the application presumably would never return to the commission for consideration.
In reviewing the plaintiff's application, the commission denied it for two reasons: the first was irrelevant to its determination, i.e. present compliance, and the second was within the jurisdiction of the Zoning Enforcement officer and the Zoning Board of Appeals, i.e. expansion of a non-conforming use. The court finds that the defendant had jurisdiction, but based its decision on items that are insufficient as a matter of law. Accordingly, the action of the commission is reversed and the matter is remanded for processing in accordance with this opinion.
Booth, J.